## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BILLY EARL DEEN,

        Plaintiff,

  vs.                                         CIVIL NO. 90-656 WJ/RLP

GEORGIA-PACIFIC CORPORATION,

        Defendant.

## REPORT AND RECOMMENDATION[1]

**THIS MATTER** having come before the Court on Defendant Georgia-Pacific Corporation's Motion to Enforce Settlement **(Docket No. 157)**, the Court having read the motion, the memoranda in support of and in response to the motion, the Certificate of Proceedings and after having a hearing on May 4, 2005, makes the following report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## FINDINGS OF FACT

1.      On November 10, 2004, Chief Magistrate Judge Lorenzo Garcia conducted a Fed.R.Civ.P. 16(a)(5) settlement conference at the Pete V. Domenici United States Courthouse in Albuquerque, New Mexico.

2.      The settlement conference resulted in a settlement that was completely

---

[1]Within ten(10) days after a party is served with a copy of the Report and Recommendation that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Report and Recommendation.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

outlined in the Memorandum of Understanding prepared by Judge Garcia at the end of the settlement conference.  The plaintiff, plaintiff's counsel, a representative of the defendant and defendant's counsel all endorsed this Memorandum of Understanding.

3.      After the agreement of an exchange of money, the plaintiff agreed to release and discharge the defendant from all claims, damages and actions which he had or may have had arising out of his exposure to asbestos-containing products which had been manufactured and sold by the defendant.  The plaintiff agreed to dismiss all claims and he further agreed to dismiss all claims that he could have brought but chose not to.

4.      Lastly, there was an agreement that the plaintiff would sign the standard malignancy waiver which was fully understood between the parties.

5.      The plaintiff was not incompetent, under the influence of any medication or any other substances and was fully aware of the discussions and conditions upon which the case was settled.

6.      The correct form of the compromise and release agreed to by the parties and provided by the defendant is attached to the defendant's reply memorandum (Docket No. 161).  Further, the plaintiff agreed to execute a Hold Harmless Agreement.  The agreed upon Hold Harmless Agreement is attached to the defendant's reply memorandum (Docket No. 161) as Exhibit "D".

## DISCUSSION

The law favors compromise and settlement.  *Murchison v. Grand Cypress Hotel Corp.,* 13 F.3d 1483 (11th Cir. 1994).  An oral agreement to settle a claim is enforceable under federal law.  *Taylor v. Gordon Flesch Co.,* 793 F.2d 858 (7th Cir. 1986)*.*  The settlement of a cause of action will be enforced by courts.  *Jeff D. v. Andrus,* 888 F.2d 617

(9th Cir. 1989).

It is uncontradicted that the parties to this lawsuit entered into a compromise agreement to settle this case at the court ordered settlement conference on November 10, 2004. The present controversy before the court is related to an attorney fee dispute between the plaintiff and plaintiff's counsel. It is clear from the Certificate of Proceedings outlined by Chief Judge Lorenzo F. Garcia as well as from his comprehensive Memorandum of Understanding made on the day of the settlement that a settlement was reached between the parties. Once an offer of compromise has been accepted, a later repudiation of the settlement contract will not release the repudiating party. *Jones v. United Minerals Corp.,* 93 N.M. 706 (1979).

## RECOMMENDATION

I recommend that the court enforce the settlement agreement entered into by the parties on November 10, 2004. Further, it is recommended that the plaintiff be ordered by the court to sign the Compromise and Release Agreement as well as the Hold Harmless Agreement. These agreements should be drafted in plain English. Should the plaintiff refuse to sign the agreements, the court should deem the agreements executed by the parties. Thereafter, the court should enter a final order dismissing the case with prejudice. It is recommended that the parties be directed to finalize all required documents within ten (10) days of the date of the court's order.

RICHARD L. PUGLISI
United States Magistrate Judge